# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICHARD WAYNE RICKETTS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 07-267-JPG** |
| | ) | |
| **SARAH M. REVELL,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

In November 2006, Petitioner received a disciplinary ticket for possession of marijuana in his locker. At the hearing, he admitted to the offense and was punished with thirty days in segregation, the revocation of 40 days good conduct credit, and the loss of one year of commissary, telephone and visitation privilege. In this action, he challenges only the loss of telephone and visitation privilege. He believes that since the offense – possession of marijuana – was unrelated

to any abuse of those privileges, it is unconstitutional for those privileges to be revoked for that offense.

When an inmate brings a civil rights action for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). However, inmates do not have a fundamental right to visitation arising directly from the Constitution. *Kentucky Dep't of Corrections v. Thompson,* 109 S.Ct. 1904 (1989). Furthermore, the Constitution does not recognize an inmate's liberty interest in telephone privileges, *see Sandin v. Connor,* 115 S.Ct. 2293 (1995), and regulations limiting telephone use by inmates have been sustained routinely as reasonable. *See, e.g., Arsberry v. Illinois,* 244 F.3d 558, 564 (7th Cir. 2001); *Pope v. Hightower,* 101 F.3d 1382, 1384-85 (11th Cir. 1996); *Washington v. Reno,* 35 F.3d 1093, 1100 (6th Cir. 1994); *Benzel v. Grammar,* 869 F.2d 1105, 1108 (8th Cir. 1989); *Martin v. Tyson,* 845 F.2d 1451, 1458 (7th Cir. 1988); *Strandberg v. City of Helena,* 791 F.2d 744, 747 (9th Cir. 1986); *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982) (inmates have no right to unlimited telephone use). Finally, the prison rules attached to the petition specifically state that "the DHO or UDC may impose a loss of privilege sanction not directly related to the offense when there is a lack of other appropriate sanctions or when imposition of an appropriate sanction previously has been ineffective."

In summary, Petitioner suffered no violation of his constitutional rights in this disciplinary proceeding, and this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated:  May 4, 2007.**

                                             **s/ J. Phil Gilbert**
                                             **U. S. District Judge**